IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TOMMY VOND DIXON, | ) | |
| Plaintiff, | ) ) | Case No. 1:13-0113 |
| | ) | Chief Judge Haynes |
| v. | ) ) | |
| KARLA BOUCHER, et al., | ) ) | |
| Defendants. | ) | |

MEMORANDUM

Plaintiff, Tommy Vond Dixon, filed this action under 42 U.S.C. § 1983 against the Defendants: Karla Boucher and Billy Horton, employees at the Wayne County Jail who are named in their individual capacities. (Docket Entry No. 1, Complaint). Plaintiff asserts claims arising out of his loss of sentence credits during his incarceration at the Wayne County jail. Plaintiff also asserts a claim that Defendant Horton opened his mail. Plaintiff seeks an apology and punitive damages. Id. at 7, 8, 9.

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 14), contending that Plaintiff's prior action against several defendants, including Defendants Boucher and Horton that also sought restoration of the same sentence credits, was dismissed. Dixon v. Boucher, et al., (M.D. Tenn. Case No. 1:13-00084, Docket Entry Nos. 4 and 5). In that action, Plaintiff sought for compensation for his loss of sentence credits. Id. The Court dismissed Plaintiff's first action for his failure to state a claim under 42 U.S.C. § 1983 because Plaintiff's claim had to be exhausted in state courts under 28 U.S.C. § 2254. Id.

Section 1983 claims for deprivation of sentence credits first requires exhaustion of

1

remedies under 28 U.S.C. § 2255 because such claims affect the "duration of [Plaintiff's] physical imprisonment" and a judicial determination Plaintiff could be "entitled to immediate or speedier release." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Here, Plaintiff seeks only restoration of his credits. (Docket Entry No. 1, Complaint at 5). Plaintiff's claims in this action impact the duration of his "physical imprisonment." Id. at 500. Thus, Preiser controls and Plaintiff's restoration claims fail to state a claim under Section 1983.

As to Plaintiff's opening of mail claim, Plaintiff must plead facts suggestive of an actual injury denying him access to the courts or censorship of his speech. Stanley v. Vining, 602 F.3d 767, 770 (6th Cir. 2010). Here, Plaintiff alleges only that Defendant Horton opened his legal mail without any factual allegations of a specific injury in accessing the courts or enjoying in speech.

For these reasons, the Court concludes that the Defendants' motion to dismiss should be granted.

An appropriate Order is filed herewith.

ENTERED this the 29th day of January, 2014.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

2